Slip Op. 10-51

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| SHINYEI CORPORATION OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Before: Jane A. Restani, Chief Judge |
| v. | : | |
| | : | Court No. 08-00191 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

[Defendant's motion to strike first amended complaint granted.]

Dated: May 6, 2010

Charles H. Bayar for the plaintiff.

Tony West, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Amy M. Rubin); Edward N. Maurer, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, and Deborah R. King, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel, for the defendant.

Restani, Chief Judge: This action concerning antidumping duties is before the

court on the government's motion, in essence, to strike the First Amended Complaint ("F.A.C.")[1]

because it challenges decisions of the Commerce Department and not of the United States

Customs and Border Protection or its predecessors ("Customs"), and plaintiff has asserted

jurisdiction under 28 U.S.C. § 1581(a) concerning denial of a protest by Customs.

---

[1] The government styles its motion a motion to dismiss, but it asks the court to reinstate the original complaint which was also brought under 28 U.S.C. § 1581(a) jurisdiction.

The entries at issue of Japanese ball bearings were made in 1993 and 1994 and were subject to an antidumping duty cash deposit rate of either 9.22% or 13.11%.  F.A.C. ¶ 9.  The F.A.C. challenges an instruction dated April 2, 2002, from Commerce which directed Customs to liquidate all outstanding entries at the entry duty deposit rate.  F.A.C. ¶ 13.  This instruction allegedly contradicted an instruction from Commerce of March 14, 2001, regarding the 5th periodic administrative review, id. ¶ 12, part of which plaintiff alleges is also erroneous, but which plaintiff alleges, but for the erroneous part, would be beneficial to it.  The action essentially alleges errors by Commerce and seeks one type of relief, reliquidation at the claimed rates with resulting refund with interest.  The second count of the F.A.C. alleges in bare terms that "Assessments" are contrary to the instructions.  Presumably, this might be read to challenge a Customs decision, but the briefs make clear that plaintiff is complaining that "illegal" instructions by Commerce are to be disregarded by Customs.  In any case, this allegation is made in the original complaint, which is not dismissed.

Challenges to instructions by Commerce are not the proper subject matter of a suit challenging a Customs decision brought under 28 U.S.C. § 1581(a) jurisdiction.  The facts alleged in the F.A.C. do not assert a challenge to a decision of Customs that may be protested under 19 U.S.C. § 1514(a), and which then may be the subject of a protest review under 19 U.S.C. § 1515.  See, e.g., Mitsubishi Elecs. Am., Inc. v. United States, 44 F.3d 973, 976–77 (Fed. Cir. 1994); UniPro Foodservice, Inc. v. United States, 577 F. Supp. 2d 1348, 1352 (CIT 2008).

Court No. 08-00191                                                                                      Page 3

       Accordingly, the court grants the government's motion to strike the F.A.C.

Furthermore, the plaintiff is allowed 30 days to amend its original complaint, if it has a timely

complaint against Commerce.  In any case, the parties shall submit a new scheduling order

withing 40 days hereof.


                                                 /s/ Jane A. Restani
                                               Jane A. Restani
                                               Chief Judge

Dated this 6th day of May, 2010.
New York, New York.

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____

                                                Deputy Clerk